UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| TOTAL QUALITY SYSTEMS, INC,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>UNIVERSAL SYNAPTICS CORPORATION,<br><br>    Defendant/Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING TOTAL QUALITY SYSTEM INC.'S MOTION TO COMPEL (DOC. NO. 53)**<br><br>Case No. 1:22-cv-00167<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

In this trade secrets case, Defendant/Counterclaim Plaintiff Universal Synaptics Corporation has asserted several counterclaims, including counterclaims for patent infringement. Plaintiff/Counterclaim Defendant Total Quality Systems, Inc. has now filed a motion to compel Universal to fully comply with the requirement in Rule 2.3(a)(3), of the District of Utah's Local Patent Rules, to serve "a chart identifying specifically where each element of each asserted claim is found within each accused instrumentality."[1]  Pursuant to Rule 37-1(b)(5)(B) of the Local

---

[1] (Total Quality's Mot. to Compel Universal Synaptics Corp.'s Compliance with LPR 2.3(c) ("Mot.") 2, Doc. No. 53 (internal quotation marks omitted).)  Although Total Quality and Universal both cite Rule 2.3(c) in their motion papers, the rule was renumbered in December 2023 as Rule 2.3(a)(3), without any substantive change.  The court references the renumbered rule.

Rules of Civil Practice,[2] and because Universal's contention disclosures are plainly deficient under the local patent rules, the court grants Total Quality's motion.

## BACKGROUND

Universal served its initial infringement contentions under Patent Rule 2.3 on October 27, 2023.[3] Four days later, Total Quality informed Universal it viewed Universal's initial contentions as "deficient" and asked Universal to supplement them,[4] which Universal did on December 1, 2023.[5] According to Total Quality, Universal's supplemental infringement contentions remained "equally deficient" and still failed to comply with Patent Rule 2.3.[6] As relevant to the present motion, Total Quality advised Universal its supplementation failed to include the chart required under Patent Rule 2.3(a)(3), "specifically identifying 'where each element of each asserted claim is found within each Accused Instrument.'"[7] Universal disagreed and informed Total Quality it would not "provide a supplement of its infringement contentions to

---

[2] DUCivR 37-1(b)(5)(B).

[3] (*See* Ex. A. to Mot., Universal's Initial Infringement Contentions, Doc. No. 53-1.) Total Quality filed several exhibits to its motion that contain the various discovery disclosures and related correspondence at issue here.

[4] (*See* Ex. B to Mot., Letter from Terry Wikberg to Adam B. Beckstrom 1 (Oct. 31, 2023), Doc. No. 53-2.)

[5] (*See* Ex. F. to Mot., Universal's First Suppl. Infringement Contentions, Doc. No. 53-6.)

[6] (*See* Ex. E to Mot., Letter from Terry Wikberg to Adam B. Beckstrom 1 (Dec. 14, 2023), Doc. No. 53-5.)

[7] (*Id.* at 3 (quoting LPR 2.3(a)(3).)

2

provide more detail under [Rule 2.3(a)(3)]."[8]  After meeting and conferring on this issue, Total Quality filed this motion on January 5, 2024.[9]

In its motion, Total Quality asserts Universal's purported infringement contentions merely "include random images of unidentified components or circuit boards with arrows pointing to unknown places," and argues Universal has failed to indicate, as required by Patent Rule 2.3.(a)(3), where in the accused instrumentality each of the many claim elements of the allegedly infringed patents can be found.[10]  Total Quality suggests this should be easy for Universal to do because the IFDIS—the "accused instrumentality"—is "manufactured by Universal."[11]

Universal argues its supplemental infringement contentions are sufficient because they include "detailed photographs of various deconstructed parts of the IFDIS."[12]  Universal also suggests, because Total Quality has "intimate knowledge of the IFDIS" through its prior work on developing the system, any claim that Total Quality cannot understand Universal's contentions

---

[8] (Ex. H. to Mot., Letter from Adam B. Beckstrom to Terry Wikberg 2–3 (Dec. 21, 2023), Doc. No. 53-8.)

[9] (Mot., Doc. No. 53.)

[10] (*Id*. at 2–3.)

[11] (*Id*. at 3.)  As alleged by Universal, the IFDIS—the Intermittent Fault Detection and Isolation System used by the U.S. Air Force and others—incorporates the two Universal patents at issue here: Patent No. 8,103,475 and Patent No. 10,641,826.  (*See* Am. Countercl. ¶¶ 188–202, Doc. No. 30)

[12] (*See* Universal's Opp'n to TQS's Mot. to Compel ("Opp'n") 2, Doc. No. 56.)

and identify specifically where each element of the asserted claims can be found in the IFDIS through these photographs is "duplicitous."[13]

## ANALYSIS

This district's local patent rules require a party claiming infringement to prepare and serve voluntary and fulsome contention disclosures early in the action.[14] Although no longer explicit in the local patent rules, it is well acknowledged that these rules are designed to "provide meaningful disclosure of each party's contentions and support for allegations in the pleadings."[15] As embodied in Patent Rule 2.3(a)(3), a party making an infringement claim, such as Universal, must provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."[16]

Although Universal has had two opportunities to comply with the dictates of Patent Rule 2.3(a)(3), it has refused to do so. The operative disclosure—Universal's First Supplemental Infringement Contentions—lacks the type of identifying information required under the rule. Instead, Universal's disclosure consists of photographs of its own IFDIS with some text

---

[13] (*See id.*)

[14] *See, e.g.*, LPR 2.3(a) (requiring a party claiming patent infringement to serve certain enumerated "Initial Infringement Contentions" no later than thirty-five days after the alleged infringer makes its initial disclosures).

[15] *See Eagle View Techs., Inc. v. Nearmap U.S., Inc.*, No. 2:21-cv-00283, 2023 U.S. Dist. LEXIS 88303, at *10 (D. Utah May 18, 2023) (unpublished) (quoting the 2023 "Preamble" to the local patent rules).

[16] LPR 2.3(a)(3).

purporting to track Universal's patented claims.[17] But it lacks any explanatory text or analysis identifying specifically where each element of Universal's asserted claims may be found, or the structures, acts, or materials in the IFDIS which perform the claimed functions.

Although Universal asserts that its "detailed pictures . . . specifically show where each element is found,"[18] a review of Universal's disclosure does not support this position. For example, although Universal's patented claims identify, among other things, an "active intermittence detecting circuit" and a "logic circuit,"[19] where these elements may be found in the alleged accused instrument is not specifically identified. In fact, nowhere in Universal's supplemental Patent Rule 2.3(a)(3) disclosure is there any mention of a "logic circuit" or an "active intermittence detecting circuit." Tellingly, in its opposition to Total Quality's motion, Universal did not even attempt to identify where, in its disclosure, it specifically identified any of the elements of its asserted claims. Instead, Universal merely made an unsupported assertion "that these updated claim charts identify specifically where each element of the asserted claims is found in the IFDIS"—without any citation to where in its disclosure such identification can be found.[20]

In *Zitovault, LLC v. International Business Machines Corp.*,[21] the court was faced with similar infringement contentions contained in a chart which included screenshots of the accused

---

[17] (*See* Ex. F. to Mot., Universal's First Suppl. Infringement Contentions 8–21, Doc. No. 53-6.)

[18] (*See* Opp'n 3, Doc. No. 56.)

[19] (*See* Am. Countercl. ¶ 33, Doc. No. 30.)

[20] (*See* Opp'n 2, Doc. No. 56.)

[21] No. 3:16-cv-0962-M, 2018 U.S. Dist. LEXIS 234540 (N.D. Tex. Mar. 29, 2018) (unpublished).

instrument and text tracking the claim language.[22] Concluding this disclosure was insufficient under that district's analog to Patent Rule 2.3(a)(3), the court noted the disclosure "merely recites the claim language followed by a series of diagrams and images, without any further explanation."[23] The court further found "[m]imicking the language of the claims when charting infringement is insufficient,"[24] and "[i]ncorporating screenshots in lieu of some explanation is also insufficient, as it leaves Defendants to guess how Plaintiff claims the accused instrumentalities allegedly infringe."[25] Universal's disclosure suffers from these same faults. Therefore, it fails to satisfy Patent Rule 2.3(a)(3)'s requirement to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality."[26]

Also troubling is Universal's statement to Total Quality that it will not supplement its infringement contentions to provide more detail "at this time."[27] Under the local patent rules, now is the time to make these disclosures. Universal's suggestion that it may delay a complete disclosure is contrary to the rules. Similarly troubling is Universal's suggestion that Total Quality's "intimate knowledge" of the IFDIS somehow obviates Universal's need to make full

---

[22] *Id.* at *6–9.

[23] *Id.* at *7.

[24] *Id*. (citing *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (granting motion to compel under analog of Patent Rule 2.3(a)(3) where disclosure mimicked the claim language of the patents and failed to explain how the accused instruments infringed the patents)).

[25] *Id*. (citing *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-cv-724, 2016 U.S. Dist. LEXIS 80327, at *22 (E.D. Tex. June 21, 2016) (unpublished)).

[26] LPR 2.3(a)(3).

[27] (*See* Ex. H. to Mot., Letter from Adam B. Beckstrom to Terry Wikberg 3 (Dec. 21, 2023), Doc. No. 53-8.)

and complete infringement contentions. Universal cites no authority for this proposition and there is no support for it in the local patent rules.

### CONCLUSION

Total Quality's motion[28] is granted. Universal is ordered to serve new supplemental infringement contentions that fully comply with Patent Rule 2.3(a)(3) within fifteen days of this order.

DATED this 15th day of February, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[28] (Mot., Doc. No. 53.)