IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TOTAL QUALITY SYSTEMS, INC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>UNIVERSAL SYNAPTICS CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER GRANTING UNIVERSAL'S MOTION TO DISMISS COUNT VII<br><br>1:22-cv-00167-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

This dispute arises from the deterioration of a longstanding business relationship between two defense contractors, Plaintiff Total Quality Systems, Inc. (TQS) and Defendant Universal Synaptics Corporation (Universal). Before the court is Universal's Motion to Dismiss Count VII of the First Amended Complaint.[1] For the reasons explained below, the Motion is GRANTED. Count VII is dismissed without prejudice.

BACKGROUND

I.   Factual Background[2]

TQS and Universal worked together to sell the Intermittent Fault Detection and Isolation System (IFDIS) to the U.S. military.[3] This system allowed for more efficient location of

---

[1] Dkt. 60, *Universal Synaptics Corporation's Motion to Dismiss Count VII of First Amended Complaint* (*Motion to Dismiss*).

[2] At the motion to dismiss stage, the court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the nonmoving party. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 700 (10th Cir. 2014). The following facts are drawn from TQS's First Amended Complaint. Dkt. 59, *Total Quality System, Inc.'s First Amended Complaint* (*Amended Complaint*). Here, the court recites only the facts relevant to Count VII of the First Amended Complaint. For a fuller recitation of the facts, see Dkt. 21, *Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss* (*Order*) at 2–6.

[3] *See, e.g.*, Amended Complaint ¶¶ 22–23, 29, 31–32, 37–39.

electronic defects in aircraft, reducing the need to replace an aircraft's entire avionics.[4] However, in 2020, this relationship deteriorated when "Universal used its position as a supplier to TQS to obtain TQS's proprietary information, develop a similar copycat solution, and unlawfully sell the same solution to the U.S. Government."[5] Universal "purposefully accessed TQS's IFDIS Control Computer, and SBIR software and documents therein, at Hill Air Force Base on or about March 2021, without TQS's approval or knowledge."[6] By so doing, Universal "access[ed] or exceed[ed] its authorized access to the IFDIS Control Computer, TQS's proprietary software, and TQS's other proprietary files and manipulat[ed] the IFDIS Control Computer and TQS's proprietary software and files."[7] These actions "materially cause[d] damage to or disrupt[ed] TQS's business and the IFDIS computing resources."[8]

Additionally, Universal engaged in a strategy "to defame TQS and drive TQS's partners and customers away."[9] TQS provides several examples of this campaign, including:

- "[I]nfluenc[ing]" a government employee to say TQS was incapable of providing the IFDIS;[10]
- Providing false and/or misleading statements to the government and to the National Center for Manufacturing Sciences "by deliberately neglecting to properly inform . . . that IFDIS was developed and delivered by TQS;"[11]
- Misleading the government about Universal's capability to build and maintain an IFDIS;[12] and
- "[D]eliberately peddl[ing] false information to defame and/or interfere with TQS's potential contracts with the U.S. Government."[13]

---

[4] *Id.* ¶¶ 1, 13.

[5] *Id.* ¶¶ 2, 46.

[6] *Id.* ¶ 49.

[7] *Id.* ¶ 133.

[8] *Id.* ¶ 134.

[9] *Id.* ¶ 50.

[10] *Id.* ¶ 51.

[11] *Id.* ¶¶ 52–53.

[12] *Id.* ¶ 54.

[13] *Id.* ¶ 55.

Universal's acts of unfair competition injured TQS.[14]

## II. Procedural History

TQS filed its initial Complaint[15] against Universal on December 13, 2022, and Universal moved to dismiss the Complaint in its entirety.[16] On June 28, 2023, the court denied Universal's Motion with respect to all but one of TQS's claims—common law unfair competition.[17]

TQS filed its First Amended Complaint on January 23, 2024.[18] The First Amended Complaint did not allege any new facts,[19] but added a cause of action under the Utah Deceptive Trade Practices Act[20] and a cause of action under the Utah Unfair Competition Act (UUCA).[21] On February 6, 2024, Universal moved to dismiss TQS's cause of action under the UUCA. Having reviewed the parties' briefing,[22] the court determines oral argument is unnecessary and decides the Motion on the papers.[23]

---

[14] *Id.* ¶ 137.

[15] Dkt. 1, *Complaint*.

[16] Dkt. 12, *Universal's First Motion to Dismiss*.

[17] *Order* at 20–22.

[18] *Amended Complaint*.

[19] *See* Dkt. 57-3, *Exhibit: Redlined First Amended Complaint* (showing a redline version of the Amended Complaint).

[20] *Amended Complaint* ¶¶ 120–31.

[21] *Id.* ¶¶ 132–38.

[22] *See Motion to Dismiss*; Dkt. 63, *Total Quality Systems, Inc.'s Memorandum in Opposition to Universal Synaptics Corporation's Motion to Dismiss Count VII of First Amended Complaint* (*Opposition*); Dkt. 64, *Universal Synaptics Corporation's Reply Memorandum in Support of Motion to Dismiss Count VII of First Amended Complaint* (*Reply*).

[23] *See Bishop v. United States*, No. 2:22-cv-00340-DBB-DBP, 2023 WL 2164269 at *2, (D. Utah Feb. 22, 2023) ("Under the local rules, oral argument is permissive."); *see also* DUCivR 7-1(g) ("The court may set any motion for oral argument.").

**LEGAL STANDARD**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] When determining whether a complaint meets these criteria, the court "accept[s] all well-pleaded factual allegations in the complaint as true, and . . . view[s] them in the light most favorable to the nonmoving party."[26] Although a complaint "need not provide 'detailed factual allegations,' it must offer enough factual detail to provide 'fair notice of what the . . . claim is and the grounds upon which it rests.'"[27] The court will not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[28] Factual allegations "must be enough to raise a right to belief above the speculative level."[29] The court is required to "draw on its judicial experience and common sense" to evaluate whether the well-pled facts state a plausible claim for relief.[30]

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[25] *Id.* (citing *Twombly*, 550 U.S. at 556).

[26] *Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021) (internal quotation marks, alterations, and citations omitted).

[27] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555).

[28] *Iqbal*, 556 U.S. at 678.

[29] *Twombly*, 550 U.S. at 555.

[30] *Iqbal*, 556 U.S. at 679.

# ANALYSIS

Universal moves to dismiss TQS's seventh cause of action, brought under the UUCA.[31] The UUCA makes it illegal to engage in acts of "unfair competition," defined as an "intentional business act or practice" that:

(i) (A) is unlawful, unfair, or fraudulent; and (B) leads to material diminution in value of intellectual property; and
(ii) is one of the following: (A) malicious cyber activity; (B) infringement of a patent, trademark, or trade name; (C) a software license violation; or (D) predatory hiring practices.[32]

TQS alleges Universal's actions constituted malicious cyber activity in violation of the Act. In response, Universal avers TQS fails to adequately plead malicious cyber activity because the Amended Complaint "formulaically recite[s] some (but not all) of the [statutory] elements of malicious cyber activity."[33]

The UUCA further defines "malicious cyber activity" as:

(a) the unlawful use of computing resources to intimidate or coerce others;
(b) accessing a computer without authorization or exceeding authorized access;
(c) willfully communicating, delivering, or causing the transmission of a program, information, code, or command without authorization or exceeding authorized access; and
(d) intentionally or recklessly:
 (i) intends to defraud or materially cause damage or disruption to any computing resources or to the owner of any computing resources; or
 (ii) intends to materially cause damage or disruption to any computing resources indirectly through another party's computing resources.[34]

The UUCA is not a law often evaluated by the courts—only a few decisions from the federal courts have engaged with the malicious cyber activity provision and neither the Utah

---

[31] *See generally Motion to Dismiss.*

[32] Utah Code Ann. § 13-5a-102(4)(a).

[33] *Motion to Dismiss* at 5.

[34] Utah Code Ann. § 13-5a-102(3).

Supreme Court nor the Utah Court of Appeals have decided a case interpreting this provision.[35] Nevertheless, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[36] Therefore, TQS must allege facts that would support each element of the statutory definition of malicious cyber activity.[37] TQS fails to do so here.

In its Opposition, TQS argues nine paragraphs in its Amended Complaint, "when viewed in the light most favorable to TQS, lead to the plausible conclusion that Universal's conduct constitutes malicious cyber activity under the UUCA."[38] However, these paragraphs inadequately allege the first and third elements of a malicious cyber activity claim.

With respect to the first element, none of these paragraphs allege Universal "unlawful[ly] use[d] . . . computing resources to intimidate or coerce others."[39] The relevant portions of the Amended Complaint outline Universal's alleged defamation campaign,[40] but contain no reference to the use of computing resources.

Similarly, TQS does not point to any paragraph in its Amended Complaint adequately alleging the third element, that Universal "willfully communicat[ed], deliver[ed], or caus[ed] the transmission of a program, information, code, or command."[41] While TQS does allege Universal

---

[35] *See, e.g.*, *JIVE Com., LLC v. Wine Racks Am., Inc.*, No. 1:18-CV-49 TS-BCW, 2018 WL 3873675, at *8 (D. Utah Aug. 15, 2018); *Icon Health & Fitness, Inc. v. Consumer Affairs.com*, No. 1:16-cv-00168-DBP, 2017 WL 2728413, at *6 (D. Utah June 23, 2017).

[36] *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citations omitted).

[37] *See JIVE Com.*, 2018 WL 3873675, at *8.

[38] *Opposition* at 6 (identifying paragraphs 49, 50–55, and 133–34 of the Amended Complaint).

[39] Utah Code Ann. § 13-5a-102(3)(a).

[40] *Amended Complaint* ¶ 50 ("Universal knew that TQS was the original equipment manufacturer ("OEM") and market leader for the development of IFDIS, so it engaged in the second part of the strategy: to defame TQS and drive TQS's partners and customers away."), *see also id.* ¶¶ 51–55.

[41] Utah Code Ann. § 13-5a-102(3)(4)(c).

accessed the IFDIS Control Computer without approval, the Amended Complaint contains no allegation that this information was communicated, delivered, or transmitted, let alone willfully so. While the court must accept as true the well-pled facts in the Amended Complaint and draw reasonable inferences in favor of TQS, the court is not permitted to supply new facts or allegations not present in the pleading.

While TQS's performance with respect to the remaining elements is immaterial given its failure on the first and third elements,[42] TQS adequately addresses the second element, "accessing a computer without authorization or exceeding authorized access."[43] Though TQS's Amended Complaint does not detail "who accessed the computer [or] what 'proprietary' software and files were accessed,"[44] it specifies what computer Universal accessed, where the access occurred, and the approximate date of the access.[45] It also alleges Universal did not have TQS's approval or knowledge to access the computer.[46] This is enough to provide Universal with "fair notice of what the . . . claim is and the grounds upon which it rests."[47]

The final element requires TQS to allege Universal "intentionally or recklessly intend[ed] to defraud or materially cause damage or disruption to any computing resources or to the owner of any computing resources."[48] TQS alleges Universal strategically defamed TQS and drove

---

[42] While not necessary to the resolution of the instant Motion, the court addresses the remaining elements of malicious cyber activity in the interest of fairness and in light of the nature of this litigation—raising at least the possibility of a renewed challenge to an amended claim.

[43] Utah Code Ann. § 13-5a-102(3)(b); *Amended Complaint* ¶¶ 49, 133.

[44] *Motion to Dismiss* at 6.

[45] *See Amended Complaint* ¶ 49 ("Universal also purposefully accessed TQS's IFDIS Control Computer, and SBIR software and documents therein, at Hill Air Force Base on or about March 2021, without TQS's approval or knowledge.").

[46] *Id.*

[47] *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[48] *Id.* § 13-5a-102(3)(d)(i).

7

TQS's partners away, which can be interpreted as intentionally intending to materially cause damage or disruption to TQS, the owner of computing resources. Drawing reasonable inferences in its favor, TQS has adequately pled this element.

Because TQS's Amended Complaint contains no allegations addressing the first and third factors of the statutory definition of malicious cyber activity, TQS has not adequately pled a breach of the UUCA. Therefore, the court dismisses TQS's seventh cause of action without prejudice.

## CONCLUSION

For the foregoing reasons, Universal's Motion to Dismiss Count VII of the First Amended Complaint is GRANTED.[49] Count VII of the First Amended Complaint is dismissed without prejudice.

SO ORDERED this 23rd day of May 2024.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

---

[49] Dkt. 60.