# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TOTAL QUALITY SYSTEMS, INC, <br><br>Plaintiff/Counterclaim Defendant, <br><br>v. <br><br>UNIVERSAL SYNAPTICS CORPORATION, <br><br>Defendant/Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO AMEND** <br><br>Case No. 1:22-cv-00167-RJS-DAO <br><br>Chief District Judge Robert J. Shelby <br><br>Magistrate Judge Daphne A. Oberg |

Now before the court is Defendant/Counterclaim Plaintiff Universal Synaptics Corporation's (Universal) Motion for Leave to File Second Amended Counterclaim (the Motion).[1] Because Universal fails to address Federal Rule of Civil Procedure 16's good cause standard and otherwise fails to meet its burden to establish good cause, its Motion is DENIED.

## BACKGROUND

For many years, Plaintiff/Counterclaim Defendant Total Quality Systems Inc. (TQS) and Universal worked together to sell Intermittent Fault Detection and Isolation System technology to the United States military.[2] This technology allowed for efficient discovery of electronic defects in aircrafts and reduced the need to replace an aircraft's entire avionics.[3] However, in 2020, this relationship—governed by an agreement entered into by the parties in 2017 (the 2017 Agreement)—deteriorated. According to TQS, Universal breached the 2017 Agreement when it

---

[1] Dkt. 81, *Universal Synaptics' Revised Motion for Leave to File Second Amended Counterclaim* (*Motion*).

[2] *See, e.g.*, Dkt. 59, *Total Quality System, Inc's First Amended Complaint* (*First Amended Complaint*) ¶¶ 22–23, 29, 31–32, 37–39.

[3] *Id.* ¶¶ 1, 13.

"used its position as a supplier to TQS to obtain TQS's proprietary information, develop a similar copycat solution, and unlawfully sell the same solution to the U.S. Government."[4]

TQS brought suit against Universal in December 2022, and in its operative Complaint, TQS alleged the following causes of action: 1) intentional interference with economic relations; 2) breach of contract; 3) defamation; 4) violation of the Defend Trade Secrets Act (DTSA); 5) violation of the Utah Trade Secrets Act (UTSA); 6) violation of the Utah Deceptive Trade Practices Act; and 7) violation of the Utah Unfair Competition Act.[5] Later, the court granted Universal's Rule 12(b)(6) Motion to Dismiss, which dismissed without prejudice TQS's unfair competition claim and left six live claims against Universal.[6]

Universal contends that TQS infringed upon Universal's patented technology after Universal terminated the 2017 Agreement. Universal's operative Counterclaim against TQS alleged the following causes of action: 1) breach of the non-disclosure agreement and the implied covenant of good faith and fair-dealing; 2) violation of the Utah Deceptive Trade Practices Act; 3) violation of the Utah Unfair Competition Act; 4) willful infringement of United States Patent No. 8,103,475 (the '475 Patent); 5) willful infringement of United States Patent No. 10,641,826 (the '826 Patent); 6) violation of the Utah Uniform Trade Secrets Act; 7) violation of the Defend Trade Secrets Act; 8) declaratory judgment; 9) false designation of origin; 10) defamation; and 11) intentional interference with economic relations.[7] This court, following a hearing on TQS' Motion to Dismiss in April 2024, granted TQS' 12(b)(6) Motion to Dismiss without prejudice on

---

[4] *Id.* ¶¶ 2, 46.

[5] *First Amended Complaint* ¶¶ 76–138.

[6] Dkt. 75, *Memorandum Decision and Order Granting Universal's Motion to Dismiss Count VII*.

[7] Dkt. 30, *Amended Counterclaim* ¶¶ 160–238.

both patent infringement claims and the defamation claim, leaving eight live claims against TQS.[8]

Now before the court is Universal's Motion for Leave to Amend. In it, Universal seeks to revive its previously dismissed claims for patent infringement and defamation. The Motion is fully briefed and ripe for review.[9]

## LEGAL STANDARD

"Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) govern where, as here, a party seeks leave to amend pleadings after the deadline for amending set in a scheduling order has passed."[10] In the Tenth Circuit, courts apply "a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend that is filed beyond the scheduling order deadline."[11]

Under the first step, the court must determine "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[12] This is because Rule 16(b)(4) directs that a court-issued scheduling order "may be modified only for good cause and with the judge's consent." "Good cause" under Rule 16 is a

---

[8] Dkt. 74, *Memorandum Decision and Order Granting TQS's Partial Motion to Dismiss* (*Order Dismissing Universal's Patent and Defamation Claims*).

[9] *Motion*; Dkt. 84, *Total Quality Systems, Inc's Memorandum in Opposition to Universal Synaptics Corporation's Motion for Leave* (*Opposition*); Dkt. 91, *Defendant/Counterclaim Plaintiff Universal Synaptics Corporation's Reply in Support of Its Revised Motion for Leave to File Second Amended Counterclaim* (*Reply*); Dkt. 95, *Total Quality Systems, Inc's Sur-Response in Opposition to Universal Synaptics Corporation's Motion for Leave* (*Sur-reply*).

[10] *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-cv-00032-RJS-DAO, 2021 WL 1842539, at *2 (D. Utah May 7, 2021) (citing *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)); *see also Bylin*, 568 F.3d at 1231 ("Rule 15 governs amendments to pleadings generally, Rule 16 governs amendments to scheduling orders.").

[11] *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 3435189, at *8 (D. Utah June 17, 2016); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (explaining that a party seeking leave to amend after a scheduling order deadline must satisfy both Rule 16(b) and Rule 15(a)).

[12] *McQueen v. Aramark Corp.*, No. 2:15-CV-492-DAK, 2016 WL 3079712, at *2 (D. Utah May 31, 2016) (citation omitted).

"more stringent standard than the standards for amending a pleading under Rule 15."[13]  It "requires diligence," meaning the party moving for amendment "cannot establish good cause if [it] knew of the underlying conduct but simply failed to raise its claims."[14]  The movant carries the burden of satisfying Rule 16(b)(4),[15] and courts are "afforded wide discretion" in determining whether the movant has satisfied it.[16]

Second, if the court determines good cause has been established, it will then "proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[17]  This standard directs courts to "freely give leave [to amend] when justice so requires."[18]  Under Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[19]

## ANALYSIS

Universal's Motion does not mention Rule 16 or the "good cause" standard.  Universal appears to concede,[20] as it must, that Rule 16 governs the present Motion because the operative scheduling order contained a pleading amendment deadline of January 26, 2024.[21]  However, Universal argues in its Reply that even though the Motion does not mention Rule 16, it

---

[13] *Bylin*, 568 F.3d at 1231.

[14] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (citation omitted).

[15] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

[16] *Bylin*, 568 F.3d at 1231.

[17] *StorageCraft*, 2016 WL 3435189, at *8.

[18] Fed. R. Civ. P. 15(a)(2).

[19] *Bylin*, 568 F.3d at 1229 (citation omitted).

[20] *Reply* at 1–2.

[21] Dkt. 55, *Docket Text Order Extending Amendment Deadline to January 26, 2024*.

nonetheless "outlines and invokes the many facts, details, and factors that demonstrate Universal's diligence under these circumstances."[22]

The court is unpersuaded. Tenth Circuit law explicitly differentiates Rule 16 from Rule 15, noting that the former contains a "more stringent standard."[23] Yet, in its Reply, Universal attempts to cast its Motion—which addresses only Rule 15—as having essentially discussed Rule 16 by explaining why Universal acted with "diligence."[24] But the word diligence, much like the words 'Rule 16' or 'good cause,' is entirely missing from Universal's Motion.[25]

Instead, Universal argues it did not "act with undue delay"—a Rule 15 standard—because of this court's scheduling difficulties causing the April 2024 Hearing to take place after the pleading amendment deadline.[26] But even if the court construes this argument as addressing the good cause standard, the Motion fails to address many critical facts bearing on good cause. For example, the Motion does not explain why Universal waited to file the present Motion on August 2, 2024, three and a half months after the April 2024 Hearing, two and a half months after this court's Order Dismissing Universal's Patent and Defamation claims, and 10 and a half months after TQS first filed its Motion to Dismiss, which put Universal on notice of the possible deficiencies in its counterclaim.[27]

Also missing from the present Motion is any sound justification for why Universal failed to plead its new allegations earlier. Indeed, there is no indication Universal was previously

---

[22] *Id*. at 9.

[23] *Bylin*, 568 F.3d at 1231.

[24] *Reply* at 7–10.

[25] *See generally*, *Motion*.

[26] *Id.* at 6–7.

[27] *See generally*, *Motion*; Dkt. 72, *Minute Entry*, Dkt. 37, *Plaintiff/Counterclaim Defendant Total Quality Systems, Inc.'s Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*; *Order Dismissing Universal's Patent and Defamation Claims*.

unaware of TQS' conduct supporting the new allegations; instead, it appears Universal "simply failed to raise" them.[28] Universal only attempts to justify its delay in asserting the new allegations by citing the contemporaneous "disagreement" about the sufficiency of Universal's pleadings, which was not resolved until the April 2024 Hearing.[29] In other words, Universal wanted to test its prior counterclaim in court before going through the trouble of amending it, notwithstanding the January amendment deadline. To be sure, such a strategy is entirely permissible, but it does not establish "good cause" or "diligence." This is especially true given Universal filed this Motion 11 months after it had been put on notice of the potential deficiencies in its counterclaim and more than two months after this court's Order Dismissing Universal's Patent and Defamation Claims. These facts suggest Rule 16 is not met, and it also calls into question Rule 15's undue delay standard.

In any case, Tenth Circuit law is clear that district courts may deny motions to amend under Rule 16 when the moving party makes "absolutely no arguments to show good cause for late amendment of the pleadings."[30] This court has followed suit, noting that "not even address[ing] Rule 16's good cause standard" is grounds for denying a motion to amend.[31]

Universal attempts to distinguish these cases by emphasizing 1) this court's scheduling difficulties which caused significant delays in holding the April 2024 Hearing and 2) the fact that this court discussed Universal's diligence at that hearing when it agreed to dismiss the patent and defamation claims without prejudice.[32] As discussed above, the scheduling difficulties do not

---

[28] *Husky Ventures, Inc.*, 911 F.3d at 1020.

[29] *Id.* at 7; *Reply* at 7–8.

[30] *Husky Ventures, Inc.*, 911 F.3d at 1020.

[31] *Young v. NPAS, Inc.*, 361 F. Supp. 3d 1171, 1202 (D. Utah 2019).

[32] *Reply* at 5–7.

account for Universal's subsequent delay in filing this Motion or establish good cause. Moreover, a dismissal without prejudice is not, *ipso facto*, a determination on Rule 16 just because the dismissal occurred after the amendment deadline passed. And just because Universal raised the issue of diligence at the April 2024 Hearing does not mean it is absolved from briefing the issue in its Motion. As mentioned, three and a half months passed after the April 2024 Hearing before Universal filed this Motion. To the extent the issue was raised and rejected in April, the contours of the issue changed by the time Universal filed this Motion. Universal may very well have had stronger case to amend its Counterclaim than the parties in the previously cited cases who failed to address Rule 16, but Universal failed to present such a case in its Motion. The court therefore must follow Tenth Circuit precedent foreclosing leave to amend when a party fails to advance any argument under Rule 16.

## CONCLUSION

For the foregoing reasons, Universal's Motion is DENIED.[33]

SO ORDERED this 21st day of January 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[33] Dkt. 81.